**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CADE SHEARN,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 1:21-584** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **KILOLO KIJAKAZI,** | **:** | |
| **Acting Commissioner of** | | |
| **Social Security[1],** | **:** | |
| **Defendant** | **:** | |

**<u>MEMORANDUM</u>**

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the decision of the Commissioner denying the plaintiff's claim for supplemental security income ("SSI") be affirmed. (Doc. 19). The plaintiff has filed objections to the report. (Doc. 20). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[1] Kilolo Kijakazi became the Commissioner of Social Security effective July 9, 2021, to succeed Andrew Saul.  Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. §405(g), Kilolo Kijakazi is automatically substituted as the defendant in this action.

the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on March 7, 2019, the plaintiff filed for SSI under Title II of the Social Security Act ("SSA") alleging a mental disability as of his birth on April 22, 1997. The plaintiff's application was

denied initially and upon reconsideration. Ultimately, a hearing was held before an administrative law judge ("ALJ"), who determined that the plaintiff had not been disabled at any time since his alleged onset date. The plaintiff's request for review was denied. On March 30, 2021, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Carlson.

In his appeal, the plaintiff argues, among other things, that (1) the ALJ's reliance on his ability to interact appropriately in a clinical setting was inadequate to find unpersuasive his treating physician's opinion that he had a marked limitation in his ability to work in coordination with or in proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (2) the ALJ failed to adequately question him about his conservative and infrequent treatment prior to relying on it to his detriment; and (3) the ALJ made multiple errors regarding the evaluation of his subjective complaints. In a thorough opinion, Judge Carlson considered each of the plaintiff's arguments, but ultimately determined:

> . . . the ALJ's assessment of the evidence in this case complied with the dictates of the law and was supported by substantial

evidence. This is all that the law requires, and all that a claimant can demand in a disability proceeding. Thus, notwithstanding the argument that this evidence might have been viewed in a way which would have also supported a different finding, we are obliged to affirm this ruling once we find that it is "supported by substantial evidence, 'even [where] this court acting *de novo* might have reached a different conclusion'" *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (quoting *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986)). Accordingly, under the deferential standard of review that applies to appeals of Social Security disability determinations, we find that substantial evidence supported the ALJ's evaluation of this case.

(Doc. 19, p. 43).

The same arguments which the plaintiff raises in support of his appeal are now raised as the bases for his objections to Judge Carlson's report and recommendation. The totality of the plaintiff's objections span a mere two pages with one short paragraph to address each of his three objections. As to the first objection, the plaintiff argues that the ALJ cited no evidence that permitted him to extrapolate how well the plaintiff would have interacted with co-workers and supervisors, although he was noted to have the ability to interact appropriately in a clinical setting. Moreover, in addressing this issue, the plaintiff argues that Judge Carlson failed to consider that his treating physician, Dr. Keogh, found he had marked limitations in social interactions and assessed his ability to perform work tasks in a competitive workplace on a full-time basis and not simply his ability to interact with psychiatrists, social

- 4 -

workers or counselors. Despite the plaintiff's objection, the court has reviewed the report of Judge Carlson and finds that it adequately addresses why the ALJ's discussion regarding the weight given to Dr. Keogh's finding that the plaintiff had marked limitation in his ability to perform tasks in the workplace was supported by substantial evidence. The court finds no reason to belabor the matter and adopts the report of Judge Carlson in its entirety in this respect.

In his second objection, the plaintiff argues that Judge Carlson cites to his non-compliance with treatment and lack of a higher level of treatment to discredit him but did not address why the ALJ did not question him regarding his non-compliance with treatment or conservative treatment contrary to SSR 16-3p. The plaintiff argues that this Social Security Ruling required the ALJ to question him before drawing a negative inference based on his failure to follow recommended treatment.

With respect to this objection, SSR 16-3p provides, in relevant part, as follows:

> We will consider an individual's attempts to seek medical treatment for symptoms and to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities for an adult . . .

*    *    *

> . . . if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We ***may*** need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints.

SSR 16-3p (emphasis added).

Pursuant to SSR 16-3p, while the ALJ is required to consider the reasons for a claimant's non-compliance with treatment, the ALJ is not required to question the claimant regarding non-compliance. In this case, the reasons for plaintiff's non-compliance were noted on the record. To this extent, the ALJ referenced the plaintiff's non-compliance, as well as his reason for non-compliance including reports of suicidal ideation when taking the medication prescribed to him. The ALJ further considered that the plaintiff's treating physician, Dr. Keogh, noted that mental impairments may contribute to his poor motivation. Despite this, the ALJ went on to consider that, even without medication, the plaintiff's symptoms are managed with conservative treatment in the way of therapy every three months. The ALJ also noted that the plaintiff has not required any higher level of care, such as

hospitalization, alternative living arrangements, intensive medical care, visits to the emergency room or other more significant mental health treatment. Given the discussion by the ALJ, the court finds that the ALJ's decision was supported by substantial evidence and further finds no error with the report of Judge Carlson in this respect.

Finally, in an incomplete objection[2], the plaintiff argues that his own representations about his ability to engage in work activity should not be held against him. In this regard, the record reflects that in both therapy sessions and on the record before the ALJ, the plaintiff expressed his ability to engage in work activity. This is certainly a factor which can be considered in relation to a claim of disability. Regardless, upon review, this was but one of many factors considered by the ALJ and by Judge Carlson in finding that the ALJ's decision regarding the evaluation of the plaintiff's subjective complaints was supported by substantial evidence. The court finds no error on this basis.

---

[2] The plaintiff's discussion ends mid-sentence. (Doc. 20, p. 3).

In light of all of the foregoing, the plaintiff's objections to Judge Carlson's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 25, 2022**
21-584-01